UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. MCCRARY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:10-CV-295 (CEJ) |
| | ) |
| STIFEL, NICOLAUS & COMPANY, | ) |
| INCORPORATED, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for a preliminary injunction and their request for a hearing. Defendant Stifel, Nicolaus & Company ("Stifel") opposes the motion and the issues are fully briefed.

Plaintiffs seek an injunction preventing Stifel from proceeding against plaintiff Kenneth Thompson in a pending Financial Industry Regulatory Authority ("FINRA") arbitration. In support, plaintiffs state that there is a "risk of inconsistent and conflicting adjudications" if the arbitration goes forward while this case is pending, and that plaintiff Thompson will be irreparably harmed. In response, defendant submits evidence showing that Thompson initiated the arbitration and agreed to be bound by the panel's interpretation and application of the FINRA Code of Arbitration and by the panel's decision. Additionally, Thompson requested that the panel dismiss his arbitration so that he could pursue the court litigation, but his request was denied. Defendant adds that it has incurred more than $30,000 in attorney fees in connection with the arbitration proceedings.

In considering whether to issue a preliminary injunction, the court weighs the following four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between the harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the

public interest.  Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc., 815 F.2d 500, 503 (8th Cir. 1987)(citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981)).  Plaintiffs have failed to show that any of these factors weigh in favor of granting the preliminary injunction.  Other than a conclusory statement that Thompson would suffer irreparable harm, plaintiffs omit any discussion of the relevant Dataphase factors.  Further, plaintiffs have failed to provide any legal support for their request to stay the arbitration in light of Thompson's agreement to be bound by the panel's decision.  For these reasons, plaintiff's motion for a preliminary injunction must be denied.

In its response to plaintiffs' motion, defendant asks that the Court remove plaintiff Thompson from the putative class. A memorandum in opposition to a motion is not the proper vehicle for what amounts to a request to dismiss a plaintiff's claim. The defendant may present its request in a separate motion to which Thompson will have the opportunity to respond.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#40] for a preliminary injunction is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2010.