UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT MCCRARY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-295 |
| ) | |
| STIFEL NICOLAUS & COMPANY, INC, ) | |
| et. al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose the motion and the issues are fully briefed.

**I. Background**

Defendant Stifel, Nicolaus & Company, Incorporated ("Stifel") is a brokerage and investment banking firm located in Missouri. Plaintiffs Kenneth Thompson and Robert McCrary are account owners who purchased stock and or securities from Stifel between 2006 and 2009. In October 2005, Stifel hired defendant Neil Harrison as plaintiffs' registered representative. Prior to working at Stifel, defendant Harrison had been terminated from another brokerage firm, A.G. Edwards, for soliciting and obtaining personal loans from clients. Plaintiffs allege that during his employment at Stifel, defendant Harrison continued to engage in similar misconduct and fraudulent behavior until he was discharged in October 2008.

1

On March 23, 2010, plaintiffs, individually and on behalf of a class, filed a three-count complaint against the defendants. In Count I, plaintiffs allege that defendants engaged in churning and unauthorized trading. In Count II, plaintiffs claim that defendants made misrepresentations and failed to disclose the nature of defendant Harrison's termination from A.G. Edwards in violation of the 1934 Securities Exchange Act (the "Act") and SEC Rule 10b-5. In Count III, plaintiffs allege that defendant Stifel failed to supervise and prevent defendant Harrison's excessive trading under Section 20 of the Act.

Defendant Stifel and defendant Compton move the Court to dismiss this action under Rule 12(b)(6). The defendants argue that plaintiffs' complaint is inappropriate for class action treatment and fails to meet the heightened pleading standards of the Private Securities Litigation Reform Act (PSLRA). Alternatively, defendants asks the Court to dismiss or stay this action pending arbitration.

II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations");

2

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

Class certification is governed by Fed. R. Civ. P. 23, which allows an individual to sue on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a); See Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir. 1977).

In addition to satisfying the four prerequisites of numerosity, commonality, typicality and adequacy of representation, the proposed class must satisfy Rule 23(b)(3). Rule 23(b)(3) allows a party to bring a class action if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Class wide issues predominate if a claim can be established by generalized

proof rather than individualized proof. See Souter v. Tantro, No. 03-CV-6141, 2004 WL 1574562 at *5 (W.D.N.Y. June 21, 2004).

A. Churning and Unauthorized Trading

Plaintiffs first allege that the defendants were involved in churning and unauthorized trading from October 2006 through October 2009. Churning occurs when a broker initiates transactions that are excessive in order to generate inflated commissions. See Davis v. Merril Lynch 906 F.2d 1206, 1211 (8th Cir. 1990); Rowe v. Morgan Stanley Dean Witter, 191 F.R.D. 398, 406 (D.N.J. 1999). Generally, churning claims do not satisfy Rule 23(b)(3) because courts rely on individualized facts to determine whether trading was excessive in an account. Rowe, 191 F.R.D. at 406. For instance, consideration is given to the investment objectives and personal qualities of an account, including the age, education and intelligence of an account holder, when analyzing a churning claim. Id. at 409. A churning claim will satisfy Rule 23(b)(3) only if it does not involve such a fact specific inquiry and is based predominantly on common issues or facts relevant to the entire class. Id. at 410.

Here, plaintiffs' churning claim heavily relies on individualized facts. Plaintiffs allege that defendants' trading activities were excessive in light of plaintiff Thompson's age, and in light of plaintiff McCary's job losses and desire to fund his son's education. Pls'. Am. Comp.¶106. These are individualized facts that are relevant only to the handling of the accounts of these two plaintiffs. Because plaintiffs' churning claims are not based on facts common to all class members, it cannot be maintained as a class action.

Similarly, plaintiffs' unauthorized trading claims are unsuitable for class action treatment. In order to establish an unauthorized trading claim, a plaintiff must establish that each trade was unauthorized and that the defendants acted with the requisite scienter in each transaction. See Souter, 2004 WL 1574562 at *5 (holding that plaintiffs would have to prove the elements of their unauthorized trading claim on an individual bases. Plaintiffs would need to show that the trades were in fact unauthorized and that the defendants acted with the requisite scienter in each transaction). Although plaintiffs allege that each trade was unauthorized, they however, fail to prove that the defendants possessed the requisite scienter in each particular account. Because plaintiffs' unauthorized trading claim predominantly requires individual proof, it does not satisfy Rule 23(b)(3).

### B. Material Misrepresentations and Omissions

Plaintiffs next allege that defendants made misrepresentations regarding defendant Harrison's employment and failed to disclose the nature of Harrison's termination at A.G. Edwards. It is well established that oral misrepresentations and omissions are presumptively individualized, and therefore, inappropriate for class certification. Id. at *7, In re Scientific Control Corp. Sec. Litg., v. Merrill Lynch, Pierce, Fenner & Smith, 71 F.R.D 491, 504 (S.D.N.Y. 1976). Because oral representations and omissions are subject to material variations, plaintiffs are required to submit individualized proof of what each plaintiff was told, whether it was material, and whether each plaintiff relied on the misrepresentation. Souter, 2004 WL 1574562 at *7. In order to overcome

the presumption and satisfy Rule 23(b)(3), a plaintiff must show that the omissions and representations are "materially uniform." Id. A plaintiff can meet this burden by showing that a defendant used uniform written scripts when making oral communications, or that the defendant's employees received uniform training on how and what to communicate to clients. Id.

Here, plaintiffs have not alleged facts indicating that defendants' misrepresentations and omissions were "materially uniform" or can be established through generalized proof. Plaintiffs' complaint does not indicate that the defendants used or were trained to use a uniform method of communicating to the plaintiffs. Rather, plaintiffs merely allege that defendants engaged in a scheme to defraud the plaintiffs by making material misrepresentations and omissions in regards to defendant Harrison's termination from A.G. Edwards. Pls'. Am. Comp. ¶ 21. Because plaintiffs failed to allege facts indicating that the defendants made uniform misrepresentations and omissions, Count II cannot be maintained as a class action under Rule 23(b). Having determined that plaintiffs' claims fail to satisfy Rule 23(b)(3), the Court finds it unnecessary to determine whether the complaint meets the heightened pleading standard of the PSLRA.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #74] is **granted**.

**IT IS FURTHER ORDERED** that all pending motions are denied as **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2010.